**Charles GALLAGHER, Plaintiff,**

v.

**AMERICAN STERILIZER COMPANY, Defendant.**

**Civ. A. No. 81–319 ERIE.**

United States District Court, W. D. Pennsylvania.

Oct. 6, 1982.

ceded the Supreme Court's decision in *Lehman*

Harry D. Martin, Erie, Pa., Timothy Hagan, Detroit, Mich., for plaintiff.

John F. Potter, Erie, Pa., for defendant.

MEMORANDUM OPINION

WEBER, Chief Judge.

This action is before the court on the motion for summary judgment filed by defendant American Sterilizer Company.

Plaintiff, Charles Gallagher, alleges that defendant engaged in unlawful employment practices in that it discriminated against him in violation of Section 4(a) of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ét seq. Plaintiff contends that he was intentionally discharged from employment by the American Sterilizer Company by reason of his age.

A brief review of the undisputed facts indicate that plaintiff was employed by the

next referred to in the text of this opinion.

**644**

defendant since 1965 and became Director of Government Affairs and Quality Control in 1978. On January 3, 1979, plaintiff was notified that he was to be terminated effective June 30, 1979. Plaintiff was 59 years of age at the time of notification.[1] Plaintiff discontinued work on April 23, 1979 contending that the notice of January 3, created "psychotic depression" that led to his eventual total, non-occupational disability status on May 9, 1979. Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission on or about January 28, 1980. The EEOC issued a right to sue letter on July 16, 1980 and this suit was brought on December 22, 1981. Defendant's prior motion to dismiss certain of plaintiff's claims was denied in part and granted in part by this court in a Memorandum Order issued May 3, 1982.

Defendant now seeks summary judgment on two grounds. First, defendant maintains that the plaintiff was never terminated, rather, that he remains on the company rolls and is actually precluded from work because of a total, non-occupational disability. Second, defendant denies discriminating against plaintiff with respect to compensation, terms, conditions, or privileges of employment since the plaintiff continues to receive the same fringe benefits which he was receiving before his disability leave of absence and continues to be a member of the Company's pension plan. Furthermore, defendant submits, arguendo, that if plaintiff had been terminated as a result of age discrimination, he would not be entitled to back pay during any period when he was disabled and unable to work.

■ The court first looks to defendant's assertion that plaintiff was never terminated. It is undisputed that plaintiff received notice of his impending discharge on January 3, 1979, with its effective date of June 30, 1979. Defendant does not deny issuing the letter. However, defendant regards June 30, 1979 as the triggering date for any application of the Age Discrimination In

Employment Act. It follows, by defendant's argument, that since plaintiff became disabled on or about May 9, 1979, he could not have been terminated since he was reduced to non-active status before the termination took effect.

Section 4(a) of the Age Discrimination in Employment Act, (29 U.S.C. § 623(a)), prohibits age discrimination and provides in relevant part:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely effect his status as an employee because of such individual's age....

Defendant, in essence, urges an interpretation of the above language that would limit application of the word discharge to the final date of employment. In the instant case, we deal with two dates of importance, January 3, the date of notification of discharge, and June 30, the final date of employment according to the notice.

The discriminatory action which plaintiff alleges must logically precede the notice of termination and, for purposes of the application of this statute, was simply made manifest by the communication of January 3. It is undisputed that the decision to discharge plaintiff was made prior to January. It is well established that a cause of action accrues when plaintiff knows or has reason to know of the injury which is the basis for the action. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). Cases decided under the Age Discrimination in Employment Act have uniformly held that "a discharge occurs when there are any acts or words which show a clear intention on the part of the employer to dispense

1. 29 U.S.C. § 631 restricts application of the Act to individuals who are at least forty years

of age but less than sixty-five.

with the services of the employee." *Monroe v. Penn-Dixie Cement Corporation*, 335 F.Supp. 231 (N.D.Ga.1971); *See also, Jackson v. Alcan Sheet & Plate*, 462 F.Supp. 82 (N.D.N.Y.1978); *Havelick v. Julius Wile Sons & Co., Inc.*, 445 F.Supp. 919 (S.D.N.Y. 1978). We conclude that the final date of employment, when purely executory as under the instant facts, cannot control the application of the Age Discrimination In Employment Act. Such an interpretation would require all plaintiffs asserting a violation of the Act to forego their legal remedies until the final date of employment that was set by the terms of the discriminatory act for which they seek redress. Such an interpretation would allow fortuitous intervening events, occurring prior to the actual date of discharge, to shield would-be violators from the sanctions allotted under the Act. In effect, an employer would escape liability where the nature of his discrimination forces an employee to discontinue work prior to the final date in the notice.

This court previously held that the unlawful practices in this case is measured by the date on which the employee was notified that his employment would be terminated at some specific date in the future. See Memorandum Order of May 3, 1982. Several courts have dealt with the similar issue of pinpointing the wrong under discrimination statutes for limitation of action purposes. The Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) held that where the only challenged practice under Title VII of the Civil Rights Act of 1964 occurs before the date of termination of employment, the limitation period necessarily begins to run before that date. The Supreme Court cited with approval the Court of Appeals for the Ninth Circuit in *Abramson v. University of Hawaii*, where that court stated, "the proper focus is upon the time of the *discriminatory acts*, not

upon the time at which the *consequences* of the acts became most painful." 594 F.2d 202, 209 (9th Cir. 1979). *See also, Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), (applicable limitations period began to run when notice of termination was given, and not on date when employment terminated).[2] Consequently, we reassert that the notice date most proximate to the decision to discharge is the date which triggers application of the Age Discrimination in Employment Act when the notice sets forth with specificity and finality the terms of the discharge. Under the instant facts that date is January 3, the date on which the terms of plaintiff's discharge are communicated without equivocation. *See, Woodlawn Hospital v. N. L. R. B.*, 596 F.2d 1330, 1338 (7th Cir. 1979).

It is clear from the language of § 4(a) of the Act that the intent of the employer is of prime significance in the application of the statute. Such an intent to discriminate, if it exists at all, exists at the moment the results of the conduct formulating the basis of the allegation of discrimination are communicated. Indeed, an actual discharge on the final date of employment is not called for by the express language of Section 4(a)(1) (29 U.S.C. § 623(a)(1)), where conduct which amounts to a discharge as well as other discriminatory actions effecting the terms of employment are forbidden. Again, Section 4(a)(1) provides:

> It shall be unlawful for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual or *otherwise discriminate* against any individual with respect to his compensation, *terms,* conditions or privileges of employment *because of such individual's age....* (emphasis added). 29 U.S.C. § 623(a)(1).

Certainly defendant's conduct affected the terms of plaintiff's employment; whether it did so in violation of the Act is not a question to be resolved by this court at this time, but is one for the trier of facts.

---

**2.** Defendant maintains in his brief before the court that since plaintiff could not foresee the holdings in *Delaware State College* or *Chardon* because they were decided after his purported discharge he should be precluded from relying upon them. (Defendant's Reply Brief in Support of Motion for Summary Judgment, page 6). We find no merit in defendant's argument and certainly see no reason to attribute less clairvoyance to the plaintiff than the unsuccessful parties in the above cases.

Furthermore, it is well settled that summary judgment under Rule 56 Fed. R.Civ.P. should be granted only where it is clear that there is no genuine dispute about either the facts of the *controversy or the inferences to be drawn from such facts.* United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (emphasis supplied). This is particularly critical where intent is a controlling element. *Schmidt v. McKay,* 555 F.2d 30, 37 (2d Cir. 1977); *Mutual Fund Investors v. Putnam Management Company,* 553 F.2d 620, 624 (9th Cir. 1977). Accordingly, even though there may be no dispute about the basic facts, still summary judgment will be inappropriate where the parties disagree, as here, on the inferences which may be reasonably drawn from those facts. *Winters v. Highlands Ins. Co.,* 569 F.2d 297, 299 (5th Cir. 1978); *Exnicious v. United States,* 563 F.2d 418, 423–24 (10th Cir. 1977).

As to defendant's second basis for summary judgment, we will not search the causes and effects of plaintiff's inability to work since they are not material to the issues of whether age discrimination was the basis for plaintiff's notice of discharge. Plaintiff's disability may effect his entitlement to back pay for periods when he was disabled and unable to work. *See, Loubrido v. Hull Dobbs Co. of Puerto Rico, Inc.,* 526 F.Supp. 1055 (D.P.R.1981); *Donnell v. General Motors Corp.,* 576 F.2d 1292 (8th Cir. 1978). However, these concerns relate to the consequences of alleged discriminatory acts not presently before the court.

Finally, while defendant has proffered, by way of responses to interrogatories, what might be a lawful basis for plaintiff's discharge, this matter has not been raised as a "good cause" defense to plaintiff's allegations by defendant's present motion in accordance with 29 U.S.C. § 623(f)(3). *See, e.g., Brennan v. Reynolds,* 367 F.Supp. 440 (N.D.Ill.1973).

We conclude that on the motion presently made the court cannot decide the disputed issue of alleged discrimination by summary judgment. Accordingly, defendant's motion will be denied.